# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILL LIETZKE,<br>Plaintiff,<br>v.<br>CITY OF MONTGOMERY, et al.,<br>Defendants. | Case No. 1:26-cv-08875-JLT-SAB<br><br>ORDER TRANSFERRING CASE TO THE MIDDLE DISTRICT OF ALABAMA |

Plaintiff, who is proceeding *pro se*, has filed a civil rights action pursuant to 42 U.S.C. § 1983. The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In this case, none of the defendants reside in this District. The claim arose in Montgomery County, which is in the Middle District of Alabama. Therefore, Plaintiff's complaint should have been filed in the United States District Court for the Middle District of

Alabama. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Middle District of Alabama.

IT IS SO ORDERED.

Dated: **October 29, 2026**

STANLEY A. BOONE
United States Magistrate Judge